IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CV-0306-FL(3)

| | | |
|---|---|---|
| PAMELA MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's request for a copy of court records, styled as a "Motion for the Court to provide her with copies of SSA's Exhibits filed with this Court on November 6, 2006, attached to SSA's Motion to Dismiss." (DE 48). Plaintiff alternately requests that if the court does not have the exhibits, then the court provide plaintiff with the name of the person who removed the exhibits and the name of the person who received them. For the reasons that follow, the court denies the motion.

First, this is not the proper procedure for obtaining copies of court records. See Local Rule 83.4(b). Instead, plaintiff may obtain these documents through either the Public Access to Court Electronic Records ("PACER") program, which can be accessed online or at a public terminal in any federal courthouse, or by requesting a copy from the Clerk's Office, at 50 cents per page. Copy Request Procedure, Eastern District of North Carolina, (October 1, 2014), available at: http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf. PACER costs ten cents per page, or three dollars per document, and fees under $15 per quarter are waived, so this is the suggested method. Id.

Plaintiff's alternate request is not something the court can grant. Plaintiff's request assumes that if the exhibits requested are not available, this was because they were destroyed or removed. However, the record does not reflect that the exhibits as described the instant motion were ever part of the record, as there is no record of their entry to, existence in, or removal from the record of this case. See Local Rule 5.1(a)(1). The court notes that while there are exhibits attached to the November 6, 2006 Motion to Dismiss, they do not include the electronic records or transcript described by plaintiff in her current motion. (DE 18). Nor are electronic records and transcript plaintiff describes in the current motion referenced in the November 6, 2006, motion to dismiss, and plaintiff's response to said motion does not indicate their presence in the record. (DE 18, 37). Therefore, as the court does not maintain information responsive to plaintiff's request, this request must be denied.

Based on the foregoing, plaintiff's motion is DENIED.

SO ORDERED, this the 27th day of April, 2016.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge